IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| ROONEY, FRANK P | ) | CASE NO. 05-21482 |
| | ) | |
| | ) | JUDGE JOHN H. SQUIRES |
| Debtor(s) | ) | |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE
      BANKRUPTCY JUDGE JOHN H. SQUIRES

NOW COMES NORMAN NEWMAN, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report in accordance with 11 U.S.C. §704(9).

1. On May 27, 2005, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and NORMAN B. NEWMAN was appointed as the Chapter 7 trustee ("Trustee"). On April 13, 2006, an Order was entered converting the Debtor's Chapter 7 case to a case under Chapter 13. On July 26, 2006 the Debtor's Chapter 13 case was reconverted to a case under Chapter 7. The Trustee was reappointed and the Trustee's bond in this case is included as part of the Trustee's blanket bond.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is 0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of March 11, 2008 is as follows:

| | | |
|---|---|---:|
| a. | RECEIPTS (See Exhibit C) | 25,158.35 |
| b. | DISBURSEMENTS (See Exhibit C) | 9,706.86 |
| c. | NET CASH available for distribution | 15,451.49 |
| d. | TRUSTEE/PROFESSIONAL COSTS | |

|   |   |   |   |
|---|---|---|---|
| 1. | Trustee compensation requested | | 3,265.84 |
|   | (See Exhibit E) | | |
| 2. | Trustee Expenses (See Exhibit E) | | 0.00 |
| 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F) | | 3,521.10 |
| e. | Illinois Income Tax for Estate (See Exhibit G) | | .00 |

5. The Bar Date for filing unsecured claims expired on July 10, 2007.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

|   |   |   |
|---|---|---|
| a. | Allowed unpaid Secured Claims | 0.00 |
| b. | Chapter 7 Administrative and 28 U.S.C. §1930 Claims | 14,871.34 |
| c. | Allowed Chapter 11 Administrative Claims | 0.00 |
| d. | Allowed Priority Claims | 2,603.49 |
| e. | Allowed Unsecured Claims | 58,376.06 |

7. Trustee proposes that unsecured creditors receive a distribution of 10.53% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $9,693.07. Professional's compensation and expense requested but not yet allowed is $0.00. The total of Chapter 7 professional fees and expenses requested for final allowance is 6,786.94. (a summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9. A fee of $1,200.00 was paid to Debtor's counsel for the preparation of the bankruptcy petition. No basis appears to request an examination of these fees pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated: 3/11/08

By: _____
NORMAN NEWMAN, Trustee
MUCH SHELIST
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606-1615